UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM WAYA,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-06195 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Sam Waya is detained by U.S. Immigration and Customs Enforcement ("ICE") pending the conclusion of his removal proceedings. Before the Court is his petition for writ of habeas corpus in which he seeks either release from custody or a bond hearing before the immigration court. For the reasons that follow, the Court denies the petition without prejudice.

## I. BACKGROUND

Petitioner first came to the United States in 2003 to escape the ongoing war in Sudan. Dkt. No. 1 at 11, 17; Dkt. No. 9-1 at 2. He became a lawful permanent resident on August 23, 2006. Dkt. No. 9-1 at 2. Following his grant of legal status, Petitioner was convicted on June 15, 2021 of Attempted Rape in violation of Utah Code § 76-5-402, and sentenced to an indeterminate term of three years to life in prison. *See* Dkt. No. 9-2 at 59–61. Petitioner was released from state custody on parole sometime before July 22, 2026. However, his exact date of release is not clear from the record.

On July 22, 2026, Petitioner was encountered by ICE while attending a parole check-in. Dkt. No. 9-1 at 2. ICE subsequently placed him in removal proceedings, charging him as

inadmissible under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of attempted rape, and arrested him. *Id*. at 3, 8–9.

Since his arrest approximately two months ago, Petitioner has received a bond hearing before an Immigration Judge ("IJ"). *See* Dkt. No. 11 at 2. The IJ denied bond, finding that Petitioner "is subject to the mandatory provisions of the law under 8 U.S.C. § 1227(a)(2)(A)(iii)" given that his "conviction under UCA section 76-5-402 is an aggravated felony offense under INA section 101(a)(43)(A) as well as a crime involving moral turpitude, triggering both sections [1226(c)(1)(B)] and (C)[.]" *Id*. On October 5, 2026, Petitioner was ordered removed to Sudan and waived his right to appeal the decision. Dkt. No. 12-2 at 1–2.

## II. DISCUSSION

Petitioner contends that his detention without the opportunity for a bond hearing violates his procedural due process rights under the Fifth Amendment. *See* Dkt. No. 1 at 27–29. Respondents oppose relief, arguing that the Petitioner's detention is lawful under 8 U.S.C. § 1226(c)(1)(C), and does not violate due process. Dkt. No. 9 at 2–3.

Turning first to the application of § 1226(c)(1)(C), Petitioner argues in reply that Respondents have not met their burden of establishing that it is applicable here. Dkt. No. 10 at 3–4. The Court, however, need not independently address the question of whether § 1226(c)(1)(C) controls Petitioner's detention as the Immigration Court already made that determination. Petitioner received a bond hearing on September 3, 2026, at which the IJ found that he was properly detained under § 1226(c)(1)(C). *Id*. at 2. Petitioner has not pointed to any facts or authority suggesting that the Court can second-guess this determination.

This, however, does not end the inquiry. The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to § 1226(c), however, the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Accordingly,

numerous district courts have found that unreasonably long detention periods without a bond hearing may violate the due process clause. *See Keo v. Chestnut*, No. 1:26-CV-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343 (E.D. Cal. July 25, 2025); *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (noting that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'").

Though Judges have reached different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under § 1226(c), both parties rely on the balancing test articulated in *Mathews v. Eldridge* as the appropriate framework, so the Court adopts that test here. *See Diep v. Wofford*, No. 1:24-CV-01238-SKO (HC), 2025 WL 604744, at *4 (E.D. Cal. Feb. 25, 2025) ("Most district courts in the Ninth Circuit have employed the *Mathews* test in the context of evaluating whether due process entitles a petitioner to a bond hearing."). Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. at 335.

These factors weigh in favor of the Government. As to the private interest affected, Petitioner has only been detained for two months, which is still within the period that the Supreme Court considered acceptable when finding that mandatory detention under § 1226(c)(1) was facially constitutional. *See Demore v. Kim*, 538 U.S. 510, 530 (2003). Further, the risk of erroneous deprivation is low under the circumstances given that an IJ already found that

Petitioner's detention was proper under § 1226(c)(1)(C), and he was ordered removed shortly thereafter. *See* Dkt. No. 11 at 2; Dkt. No. 12-2 at 1. Finally, the Government's interest in ensuring the appearance of inadmissible individuals convicted of a serious crime is high. *See Demore*, 538 U.S. at 531. Requiring the Government to provide further process at this juncture does not outweigh this interest. Accordingly, Petitioner's current detention is lawful.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Petition is DENIED without prejudice. The Clerk of Court is directed to close this case and enter judgment for Respondents.

**IT IS SO ORDERED.**

Dated: October 23, 2026

VINCE CHHABRIA
United States District Judge